[No. 12446.   In Bank. — June 14, 1888.]

H. S. LOVELAND, RESPONDENT, v. ALVORD CONSOLIDATED QUARTZ MINING COMPANY ET AL., APPELLANTS.

ATTACHMENT. — An attachment being merely a creature of statute, its existence and operation in any case can continue no longer than the statute provides it may.

ID. — JUSTICE'S COURT — EFFECT OF APPEAL. — After judgment in favor of the defendant in a justice's court the attachment is discharged, and the property released therefrom, under section 553 of the Code of Civil Procedure, and the defendant may make any disposition or transfer of the property attached which he could have made before it was attached,

with like force and effect, notwithstanding an appeal is taken from the judgment, and a judgment is rendered against the defendant upon appeal.

ID.— CORPORATION — TRANSFER OF STOCK — EXECUTION SALE. — The title to shares of stock in a corporation which have been attached, and transferred by the defendant in the attachment suit after judgment rendered in his favor in a justice's court, and pending appeal therefrom, will pass to the purchaser from him, as against an execution purchaser of the stock sold upon a judgment afterward rendered against the defendant in the superior court.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Paris, Goodcell & Fox*, for Appellants.

The judgment for the defendant in the justice's court *ipso facto* dissolved the attachment. (Code Civ. Proc., sec. 553, and note; *O'Conner v. Blake*, 29 Cal. 316.) Section 553 is applicable to justices' courts. (Code Civ. Proc., sec. 869; Wade on Attachment, sec. 294, p. 562.)

*Hargrave & Gray*, for Respondent.

The justice's court action was pending until its final determination upon the appeal. (Code Civ. Proc., sec. 1049.) There is no evidence in the record showing that the justice's court made any order discharging the attachment (Code Civ. Proc., sec. 553); and by that section, respondent insists, is meant if defendant recover final judgment the attachment shall be discharged, and this is borne out by the words in section 547 of the Code of Civil Procedure. Property attached by him (sheriff) must be retained by him to answer any judgment that may be recovered in the action (also Code Civ. Proc., secs. 541, 550); and these provisions govern justices' courts. (Code Civ. Proc., sec. 869.)

SHARPSTEIN, J.— The appellant commenced an action in the justice's court against J. T. Kenworthy and H. S.

Loveland, and in that action caused an attachment to issue and be levied upon 8,706 shares of the capital stock of the Alvord Consolidated Quartz Mining Company as the property of said Kenworthy. In due time said action was tried in said justice's court, and judgment was rendered in favor of defendants therein. From that judgment the plaintiff in said action, respondent here, appealed to the superior court, where he recovered judgment against said defendants. Pending said appeal in the superior court, and before any judgment was rendered therein, said Kenworthy transferred said stock to appellant Osborne, and said transfer was duly entered on the books of said company. An execution was issued upon the judgment recovered by respondent in the superior court and levied upon said stock, and pursuant to said execution said stock was sold, respondent being the purchaser at said sale; and receiving a certificate thereof, demanded of the company and of Osborne a transfer of said stock to him, respondent, which was refused, and thereupon he brought this action to compel a transfer of said stock. The court below rendered a judgment in his favor, from which this appeal is taken. We shall assume that the stock was duly attached under and by virtue of the writ of attachment issued in the action commenced in the justice's court, and confine ourselves to the question, whether, upon the rendition of the judgment in favor of the defendants in that action, the attachment became *ipso facto* dissolved.

Section 553 of the Code of Civil Procedure provides that: "If the defendant recover judgment against the plaintiff, any undertaking received in the action, all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in the sheriff's hands must be delivered to the defendant or his agent; the order of attachment shall be discharged, and the property released therefrom."

As attachment is merely a creature of statute, its exist-

ence and operation in any case can continue no longer than the statute provides it may. And there is no express authority given to a sheriff to retain in his custody property seized by him under and by virtue of a writ of attachment issued out of a justice's court after a judgment in the action in which the attachment issued is rendered in favor of the defendant. No provision is made for his detention of it pending an appeal from such a judgment. In the absence of any such provision, it seems quite clear that, under section 553 of the Code of Civil Procedure, the defendant Kenworthy, after judgment in his favor, could make any disposition of the property which he could have made before it was attached, with like force and effect. If that be so, it follows that his transfer of it to defendant Osborne was valid.

Judgment and order reversed.

SEARLS, C. J., McFARLAND, J., McKINSTRY, J., and PATERSON, J., concurred.