(February 6, 1893.)

## MILLER v. PINE MINING COMPANY.

[32 Pac. 207.]

UNDERTAKING TO STAY EXECUTION—DEFECTIVE JURAT.—An undertaking placed on file to stay the execution of a judgment, although the jurat to the affidavit of justification is not signed by the officer administering the oath to the sureties, if sufficient in other respects, will stay the issuance of execution therein, and if the clerk issue execution, it should be quashed by the district court on motion.

.JURISDICTION—PRACTICE.—An appeal to the supreme court carries with it only such proceedings as were had in the district court down to the time of the perfecting of said appeal, and any process issued in said cause after said appeal, whether with or without authority of law, is under the control of the district court.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman, for Appellant.

The statutes of Idaho, section 4810, provide for the staying of the execution of money judgments, upon the filing of an undertaking for that purpose in a prescribed form. And if in this action such an undertaking has been filed, the execution was wrongfully issued, and the motion to quash was well taken and should have been sustained.

T. D. Cahalan, for Respondent.

On the twenty-fifth day of July, 1892, at request of plaintiff's attorneys, the clerk of said district court issued execution against defendant's property, and delivered the execution to the sheriff of said Elmore county for service. We can fairly and legally presume that the writ issued on the 25th of July, 1892, was duly executed by the officer before the motion to quash the execution was made. In fact, the sheriff of said Elmore county declared in open court, in the presence of the court, and to the court, on the first day of November, 1892, and in the presence and hearing of defendant's counsel, that he,

the sheriff, had served the writ by seizing and selling the defendant's property, and the court was in possession of this information before it denied the motion to quash. The execution was properly issued and the motion to quash the same properly dismissed, for the reason that no undertaking on appeal was filed with clerk of court as provided by law. (Code Civ. Proc., secs. 4934, 4810; *Hill v. Finnigan,* 54 Cal. 311; *Beebe v. Morrell,* 76 Mich. 114, 15 Am. St. Rep. 288, 42 N. W. 1119.) The jurat must be subscribed by the officer, with his official addition. (*Ladow v. Groona,* 1 Denio, 429; *Jackson v. Stiles,* 3 Caines, 128.) The so-called undertaking, so far as staying execution is concerned, amounts to nothing more than a blank undertaking filed with the clerk. The affidavit is not subscribed by any officer authorized to administer oaths, and no attempt made to authenticate the signatures of the sureties. An affidavit should show upon its face that it was made before some officer competent to take affidavits. (*Lane v. Morse,* 6 How. Pr. 395.)

Wyman & Wyman, for Appellant, in reply.

We are constrained to deny, however, that the sheriff made any statement at all in court. But void or voidable, the motion was within time. (1 Freeman on Executions, sec. 76.) The transcript shows very clearly that the oath was taken by the sureties as appears by their affidavit, which was used on the hearing of the motion in the court below, and would seem to bring this case within the principle laid down in *Ladow v. Groom,* 1 Denio, 429, cited by counsel. The affidavit is no part of the undertaking. (Hayne on New Trial and Appeal, sec. 213; Idaho Rev. Stats., sec. 4810.) Though section 4934 would not apply to undertakings for the stay of execution— and counsel recognizes the fact and does not attempt to raise the point—it may to undertakings on appeal—though this has been doubted, as we shall see. But provision is for the officer and not for the party, as is decided, under a statute similar to ours, in *Smith v. Nescatunga Town Co.,* 36 Kan. 758, 14 Pac. 246; *St. Louis etc. R. Co. v. Wilder,* 17 Kan. 239.

MORGAN, J.—On the twenty-ninth day of April, 1892, a judgment was made and entered in the district court of Elmore

county, in favor of James Miller and against the Pine Mining Company, for the sum of $410 debt, and $384.45 costs. An appeal to the supreme court from said judgment was duly taken by the defendant, and a bond for the stay of execution was filed on the sixth day of June, 1892, with C. W. Moore and A. G. Redway as sureties. The bond was in due form of law, and the sureties, in accordance with section 4934 of the Revised Statutes of Idaho of 1887, accompanied the bond with an affidavit that each of the sureties was a resident and freeholder of the state of Idaho, in the county of Ada; that each was worth the sum mentioned in the undertaking, over and above all just debts and liabilities, exclusive of property exempt from execution. These affidavits were sworn to before Frank T. Wyman, a notary public, as appears by a supplemental affidavit filed August 16, 1892; but the notary omitted to sign his name to the jurat, and the bond was placed on file in this form. On the 25th of July, 1892, the clerk of the court, at the request of the attorney for the plaintiff, issued an execution to collect said judgment, and placed the same in the hands of the sheriff, and said execution appears to be still in the hands of the sheriff, not having been returned to the clerk's office. On the seventh day of October, 1892, the attorney for the defendant filed in the said court a motion to quash said execution; and on said day the judge of the court ordered that all proceedings on said writ be stayed until the thirty-first day of October, 1892, pending the hearing of said motion. On the first day of November, 1892, the court overruled the motion to quash said writ. From the order of the court overruling this motion this appeal is taken.

The affidavit which is usually attached to a bond contains the justification of the sureties, under section 4934. It is, however, no part of the undertaking; and the undertaking is complete without it, and in this case could be collected of the sureties, in case the judgment of the court below had been affirmed by the supreme court. (2 Hayne on New Trial and Appeal, sec. 213.) The plaintiff could have excepted to the bond, because the affidavit of the sureties was not attached thereto in proper

form, at any time within thirty days after the filing of the undertaking, as provided in section 4816, and the sureties would have been compelled to justify in form according to law. The undertaking was not void, and the plaintiff could not so consider it. An appeal is perfected when the notice of appeal is served and filed, and the proper undertaking is placed on file, according to law. Section 4814 provides that, whenever an appeal is perfected as provided in the foregoing sections of this chapter, it stays all further proceedings in the court, and releases from levy the property which has been levied upon under execution. This execution should not have been issued, as the proper bond was placed on file. The execution having been issued without authority of law, it should have been quashed upon motion of the defendant.

It is true that the case had been taken from the jurisdiction of the district court by the appeal. The appeal includes all proceedings down to the perfecting of the appeal; but this execution was issued by the clerk after the appeal had been perfected, and without authority of law. The court had authority to order it quashed, under the eighth subdivision of section 3862. The order overruling the motion to quash the execution is reversed, and the execution quashed. Costs awarded to defendant.

Huston, C. J., and Sullivan, J., concur.