[No. 19270. In Bank.—March 13, 1894.]

O. J. FLAGG, PETITIONER, v. GEORGE PUTER-
BAUGH, JUDGE OF SUPERIOR COURT OF SAN DIEGO
COUNTY, RESPONDENT.

APPEAL—ORDER DISSOLVING ATTACHMENT—TIME OF APPEAL—ATTACH-
MENT LIEN.—An appeal from an order dissolving an attachment may
be taken within sixty days from the date of the order, and it cannot be
objected to the appeal that the lien of the attachment was not preserved
because the appeal was not perfected within five days, and the under-
taking on appeal was not for double the amount claimed.

BILL OF EXCEPTIONS—SETTLEMENT—MANDAMUS—REQUEST TO SETTLE BILL.
A petition in the supreme court for a writ of *mandamus* to compel a
superior judge to settle and certify a bill of exceptions is not demur-
rable on the ground that the proposed bill of exceptions contains no re-
quest to the judge to settle and certify the bill of exceptions where the
petition shows that the original proposed bill of exceptions was signed
by the attorney, and that opposing counsel were notified that it was
proposed as a bill of exceptions, and the judge certifies that he was
asked to settle and certify it, and refused because it was not in time,
and the bill as amended is the bill which the respondent is now asked
to settle.

PETITION in the Supreme Court for writ of *mandamus*
to the judge of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Haines & Ward*, for Petitioner.

*Wellborn, Stevens & Wellborn*, for Respondent.

TEMPLE, C.—This is an original proceeding in this
court for a writ of *mandamus* to compel the respondent
to settle and certify a bill of exceptions. The petition
was demurred to on various grounds. The demurrer
was sustained solely on the ground that more than sixty
days had elapsed since the order was made, and the
petition does not show that an appeal had been taken.
All other objections were expressly overruled, and leave
was given to amend in order that the defect might be
supplied, if the facts would warrant it.

An amended petition was filed, from which it appears
that an appeal to this court was perfected eight days
after the order dissolving the attachment was made.

The amended petition is now demurred to on the ground of insufficient statement of facts, and two points are made:

1. The appeal can serve no useful purpose, because it was not perfected within five days, and the undertaking on appeal was not for double the amount claimed. Therefore the lien of the attachment was not preserved. (Code Civ. Proc., sec. 946.)

But the code expressly authorizes an appeal from an order dissolving an attachment within sixty days (Code Civ. Proc., sec. 939), and it is evident that the appellant is given the option either to take the steps which will preserve the lien of the attachment or not. We are not now called upon to say what effect a reversal of the order dissolving the attachment may have on the lien.

2. It is said that the respondent is not asked to settle and certify the bill of exceptions; that the proposed bill contains no such request. *Landers* v. *Lawler*, 84 Cal. 547, is relied upon as authority for this contention. I do not think that case is authority for this.

The original proposed bill of exceptions here was signed by the attorneys, and opposing counsel were notified that it was proposed as a bill of exceptions, and the judge certifies that he was asked to settle and certify it, and that he refused simply because it was not in time. Besides the bill as amended is the bill which respondent is now asked to settle.

I think the demurrer should be overruled.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the demurrer be overruled, and, under the provision of rule 26, subdivision 30, a peremptory writ of mandate is ordered against the respondent, commanding him to settle and certify the bill of exceptions as prayed for in the petition herein.

HARRISON, J., PATERSON, J., GAROUTTE, J., McFARLAND, J., DE HAVEN, J., FITZGERALD, J., BEATTY, C. J.