[Sac. No. 432.   Department One.—December 20, 1898.],

GEORGE W. HAMILTON, Respondent, v. M. C. BELL, et al.,   123  93
Appellants.                                             133  113

ATTACHMENT—DISSOLUTION BY JUDGMENT OF NONSUIT—BOND FOR RELEASE
—DISCHARGE OF SURETIES—REVERSAL OF JUDGMENT—An attachment
is dissolved upon the recovery of a judgment of nonsuit en-
tered in favor of the defendant, and the sureties on a bond:
given for release of the attached property, and for the rede-
livery thereof, are thereupon discharged, and their liability is-
not revived or affected by a reversal of the judgment of non-
suit, and the subsequent rendition of a judgment for the plain-
tiff.

ID.—ATTACHMENT A CREATURE OF STATUTE.—An attachment is merely a
creature of statute, and its existence and operation in any case·
continue no longer than the statute provides it may.

ID.—DUTY OF SHERIFF.—The sheriff, upon judgment being rendered:
against the plaintiff, is bound to surrender attached property·
to the defendant; and is equally bound by the provisions off
section 553 of the Code of Civil Procedure, to deliver to the·
defendant the undertaking received in the action for the re-
delivery of attached property.

APPEAL from a judgment of the Superior Court of Placer
County and from an order denying a new trial.   J. E. Prewitt,,
Judge.

The facts are stated in the opinion.

John M. Fulweiler, for Appellant.

Jo Hamilton, and G. W. Hamilton, for Respondent.

HAYNES, C.—The question for decision arises out of the
following facts: In May, 1891, the "Auburn Opera House and
Pavilion Association" brought suit against George M. Hill to
recover the sum of one thousand dollars, claimed to be due upon
contract, and caused a writ of attachment to be issued therein
under which money and other property was attached.   On Sep-
tember 22, 1891, on the application of the defendant in said
action, the court fixed the amount of the bond or undertaking
for the redelivery of the attached property at fifteen hundred
dollars, and the defendants in this action became the sureties
on such bond, and the attached property was released and de-
livered to the defendant.   In November, 1891, the cause came

on for trial, and at the conclusion of plaintiff's evidence the court granted defendant's motion for a nonsuit. From that judgment and an order denying a new trial the plaintiff appealed, and this court, on March 9, 1893, reversed said judgment and order. (32 Pac. Rep. 587.) On January 9, 1895, said cause was again tried, and the plaintiff had judgment for the full amount of its claim and interest. Thereafter, in September, 1895, execution was issued thereon, and was returned wholly unsatisfied; and on November 25, 1895, said Auburn Opera House and Pavilion Association assigned to George W. Hamilton, the plaintiff in this action, its said judgment and said redelivery bond, and said Hamilton, after due demand for the delivery of said property, or payment of its value, brought this action against the sureties on said bond, and obtained judgment against them, and this appeal is from that judgment and an order denying a new trial.

Appellants contend that the judgment of nonsuit entered against the plaintiff in the action in which the attachment was issued operated to discharge them from all liability upon said bond which was given to release the property attached in that case.

They base this contention upon section 553 of the Code of Civil Procedure, which provides: "If the defendant recover judgment against the plaintiff, any undertaking received in the action, all the proceeds of sales and moneys collected by the sheriff, and all the property attached remaining in the sheriff's hands, must be delivered to the defendant or his agent. The order of attachment shall be discharged and the property released therefrom."

Section 554 of the Code of Civil Procedure prescribes the proceedings to be taken to release property seized under the writ from the operation of the attachment, which is accomplished by giving the undertaking prescribed in section 555 of the Code of Civil Procedure, in an amount fixed by the court, conditioned "to the effect that in case the plaintiff recover judgment in the action, defendant will, on demand, redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment, or, in default thereof, that the defendant and sureties will, on demand, pay to the plaintiff the full value of the property released."

Respondent's contention is, in effect, that the judgment of nonsuit having been reversed and the cause remanded for a new trial, and having obtained a judgment upon such new trial it was a judgment recovered "in the action" in which the undertaking was given, and that therefore the defendants are liable upon the undertaking.

But, while it is true that the judgment rendered upon the second trial was rendered in the same action, it does not follow that the liability of the sureties upon said undertaking continued until the second judgment was rendered. Indeed, it is quite clear that it did not.

In *Loveland v. Alvord etc. Min. Co.*, 76 Cal. 562, it was held that "an attachment being merely a creature of statute, its existence and operation in any case can continue no longer than the statute provides it may"; and it therefore devolves upon the respondent here to point out some provision of the statute sustaining the existence of the attachment after judgment against the plaintiff, which was not complied with.

In *Loveland v. Alvord etc. Min. Co.*, *supra*, an attachment in an action in justice's court was levied upon stock owned by the defendant in a corporation. Upon the trial judgment was rendered against the plaintiff and he appealed to the superior court, where he recovered judgment. After the appeal was taken, and before judgment, the defendant sold the stock to a third party, and it was duly transferred on the books of the corporation. After judgment in superior court execution was issued and levied upon the shares which had been attached, and they were sold. This court held that the judgment against the plaintiff in justice's court dissolved the attachment, and that the defendant had legal right to sell his stock.

The fact that in the case at bar the appellants gave an undertaking for the redelivery of the property to the sheriff in case the opera house association should recover judgment against the defendant in that action, or would pay the value of the property so released, does not affect the question. The dissolution of the attachment by the judgment of nonsuit discharged the obligation of the sureties upon the bond. (Drake on Attachments, secs. 341 b, c and d, and cases there cited.) In *Gass v. Williams*, 46 Ind. 253, it was held that "where an attachment was dissolved,

all the proceedings in attachment are quashed and become of no effect, and a delivery bond in such case falls with the writ on which it is based." The conditions of the bond in that case were the same as in this. The supreme court of the United States, in *Hagan v. Lucas*, 10 Pet. 400, 403, held that property once levied on remains in the custody of the law, and is not liable to be taken under another execution in the hands of a different officer, though it has been delivered into the possession of the claimant on his giving bond and security that he will deliver it to the officer if it shall be found subject to the execution. (See, also, Drake on Attachment, sec. 331, and cases there cited.)

If the attached property had remained in the hands of the sheriff, it is perfectly clear that upon judgment being rendered against the plaintiff it would have been the duty of that officer to surrender the property to the defendant; and it is equally clear that in such case he was bound by the provisions of section 553, of the Code of Civil Procedure, to deliver to the defendant the "undertaking received in the action" for the redelivery of the attached property.

The Bank of D. O. Mills & Co. intervened in the action, having served process of garnishment upon appellants, and Crowell and Safford also intervened, as assignees of a part of plaintiff's demand; but, in view of our conclusion that appellants are not liable upon said undertaking, questions made in regard to said intervenors need not be noticed.

We advise that the judgment and order appealed from be reversed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

                     Garoutte, J., Van Fleet, J., Harrison, J.