[Civ. No. 187.     Third Appellate District.—March 6, 1906.]

F. P. PRIMM, Petitioner, v. SUPERIOR COURT OF SHASTA COUNTY et al., Respondents.

ATTACHMENT—CONTINUANCE OF LIEN PENDING APPEAL BY PLAINTIFF— PROHIBITION.—If the lien of an attachment on real property is continued by an order of the court without legal authority, pending an appeal by the plaintiff from a judgment in favor of the defendant, the remedy of the defendant, by appeal from the order, is neither speedy nor adequate, and as the effect of the order is to impose a continuing restraint on the defendant's right to the free, untrammeled enjoyment of his property, he is entitled to a writ of prohibition restraining the court from continuing the attachment. Under such circumstances the order will not be deemed a completed judicial act.

ID.—LIEN MAY BE CONTINUED PENDING APPEAL—DUE PROCESS OF LAW.
Sections 553 and 946 of the Code of Civil Procedure, construed to-
gether, permit of an attachment being continued in force, pending
an appeal by the plaintiff from a judgment in favor of the
defendant, upon the plaintiff's perfecting his appeal and filing an
undertaking as required by the concluding clause of section 946.
This effect of section 946 does not deprive the defendant of his
property without due process of law.

APPLICATION for a writ of prohibition to the Superior
Court of Shasta County. C. M. Head, Judge.

The facts are stated in the opinion of the court.

T. W. H. Shanahan, for Petitioner.

T. B. Dosier, for Respondents.

McLAUGHLIN, J.—Application for a writ of prohibition.
In an action entitled *Menzel* v. *Primm et al.,* pending in the
superior court in and for Shasta county, an attachment was
issued and levied on certain realty owned by the defendant
Primm. The trial of the cause resulted in a judgment against
the plaintiff and in favor of said defendant. After the judg-
ment had been rendered and entered, the court, on motion of
the plaintiff, Menzel, made an order continuing the said at-
tachment in force upon compliance by plaintiff with the terms
of said order, which terms conform to the provisions of sec-
tion 946 of the Code of Civil Procedure. The plaintiff filed
the required undertaking, and perfected his appeal within
the specified time, and the defendant, who made timely and
sufficient objections to the motion and order mentioned, com-
menced this proceeding to restrain the court from continuing
the attachment in force pending an appeal from the judg-
ment. The right of this court to consider this application or
pass upon the main question involved is challenged by re-
spondent, who insists that the petitioner has a plain, speedy,
and adequate remedy in the course of the law, and that pro-
hibition will not lie to restrain an act which has been fully
accomplished. The rules thus invoked are well settled, and
it only remains to determine whether the case at bar falls
within either or both of them.

As an appeal from the order here assailed would, in the ordinary course of judicial proceedings, probably consume as much time as the appeal from the judgment, the practical effect of holding that the remedy by appeal is speedy and adequate would be to deprive the petitioner of all redress. The sole purpose of the order was and is to continue the lien until an appeal from the judgment can be passed upon by the appellate court, and we fail to see how a separate, but concurrent, appeal to the same court can be deemed either speedy or adequate, when this purpose would probably be fully accomplished before such concurrent appeal could be heard. If the continuance of the lien is without legal authority, the petitioner is entitled to have his property relieved from the effect of judicial usurpation, and no remedy can be speedy or adequate which would postpone such relief until the unauthorized lien had expired with the order continuing it. (*Terrill* v. *Superior Court* (Cal.), 60 Pac. 38; *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450] ; *Bruner* v. *Superior Court,* 92 Cal. 267, [28 Pac. 341] ; High on Extraordinary Remedies, secs. 770, 771a.) We conclude, therefore, that the first rule invoked cannot be applied here. Nor do we think the other rule relied upon forecloses inquiry touching the merits of this application. The effect of the order is to impose a continuing restraint on petitioner's right to the free, untrammeled enjoyment of his property. The injury is recurring, and the very purpose of the order is to continue such restraint and injury. The court, having imposed the restraint, is continuing it, day by day, as long as the order endures. Under such circumstances the judicial act is not fully accomplished, and prohibition will lie. (*Havemeyer* v. *Superior Court,* 84 Cal. 394, [18 Am. St. Rep. 192, 24 Pac. 121] ; *Cosby* v. *Superior Court,* 110 Cal. 53, [42 Pac. 460] ; High on Extraordinary Remedies, sec. 766; Works on Courts, etc., p. 269.)

Approaching the principal point presented for decision, we find it involves the construction of sections 553 and 946 of the Code of Civil Procedure. In passing upon the former section it has been held repeatedly that a judgment in favor of a defendant dissolves an attachment. (*Loveland* v. *M. Co.,* 76 Cal. 564, [18 Pac. 682] ; *Hamilton* v. *Bell,* 123 Cal. 95, [55 Pac. 758].) If that section stood alone, our task would be

at an end.  But the latter section provides that an appeal, when perfected, stays all proceedings upon a judgment and matters embraced therein.  This general clause, however, is qualified by the proviso that an attachment is not continued in force unless the appeal is perfected and an undertaking filed as required by the concluding clause of the section.  To say that an attachment is *ipso facto* dissolved by a judgment and yet can be continued in force, at first blush seems incongruous.  But due reflection and analysis removes this impression of inconsistency, and leads to a harmonious construction of the two sections in question.  The ordinary effect of an appeal from a judgment when proceedings therein are stayed "is to preserve the rights of the parties to the controversy in the same condition as they were prior to the entry of the judgment."  (*State I. & I. Co.* v. *San Francisco,* 101 Cal. 150, [35 Pac. 549] ; *Mark* v. *Superior Court,* 129 Cal. 6, [61 Pac. 436] ; *De Lemos* v. *Siddall,* 143 Cal. 316, [76 Pac. 1115].)  And it is clear from the context of section 946 that the legislative intention was to stay the dissolution of an attachment, and all affirmative effects or results flowing from the judgment.  Any other contention would render the provision relating to attachments meaningless.  If it was not intended that the general clause should include attachments; if the dissolvent effect of a judgment would not, and could not, be stayed thereby—then the provisory clause was wholly unnecessary.  It would be absurd to guard against something that could never happen, and yet the evident intent and purpose of the concluding clause in the section is to obviate the effect of the general stay by providing that specified additional requirements must be complied with in order to continue an attachment in force.

Petitioner contends that under the provisions of section 553 as interpreted by the supreme court, an attachment is finally and irrevocably dissolved the moment a judgment for defendant is entered.  It is argued that the writ thus dissolved cannot be revivified by any act of the appellant or order of the court.  It needs but a statement of the proposition to show that this contention not only necessitates a limitation on the effect of the general clause in section 946, but emasculates the section by depriving the provisory clause of all meaning and effect.  Cardinal rules of construction re-

quire that laws be so construed that neither of such results will follow. Courts should not nullify a statute or deprive a law of potency and force unless such course is absolutely necessary. Meaning and effect should be given to every section of the code in all its parts, if possible to do so. (*Langenour* v. *French*, 34 Cal. 92; *Gates* v. *Salmon*, 35 Cal. 576, [95 Am. Dec. 39]; *Camp* v. *Grider*, 62 Cal. 26; *Gleason* v. *Spray*, 81 Cal. 217, [15 Am. St. Rep. 47, 22 Pac. 551].) The two sections in question were enacted on the same day, and must be harmonized and made operative as parts of one general law, if this can be done without doing violence to the evident intent of either. The literal import of one section cannot govern as against the evident intention of the legislature in enacting both. (Sutherland on Statutory Construction, secs. 368-377.) A fair, reasonable, unstrained construction leads to the conclusion that the dissolvent force of a judgment is neutralized by a perfected appeal, provided the additional undertaking is filed and the appeal perfected within the specified time. This construction gives harmonious effect to both sections and does not nullify any part of either. While the supreme court has not passed directly on the question before us, the language used in cases where the matter was discussed clearly points to such construction as correct. (*Flagg* v. *Puterbaugh*, 101 Cal. 584, [36 Pac. 95]; *Carter* v. *Paige*, 80 Cal. 392, [22 Pac. 188]; *Aigeltinger* v. *Whelan*, 133 Cal. 113, [65 Pac. 125].) The statute so construed does not deprive petitioner of property without due process of law. Due process is not denied where a law operates on every person in the same way under like conditions and circumstances. (*Kalloch* v. *Superior Court*, 56 Cal. 238; *Ex parte Finley*, 1 Cal. App. 198, [81 Pac. 1041].)

The writ is denied.

Chipman, P. J., and Buckles, J., concurred.