(May 29, 1924.)

## W. G. JENKINS AND COMPANY, Bankers, a Corporation, Appellant, v. K. McKENZIE, Respondent.

[226 Pac. 1069.]

PLEADING AND PRACTICE—ORDER DISSOLVING ATTACHMENT—APPEALABLE WITHOUT SUPERSEDEAS—PURPOSE OF SUPERSEDEAS TO CONTINUE IN FORCE ATTACHMENT.

1. Under C. S., sec. 7152, an appeal may be taken to the supreme court from the district court, from an order dissolving or refusing to dissolve an attachment, within sixty days from the entry of the order, and the right of appeal from such order is not dependent upon the giving of a *supersedeas*.

2. Under C. S., sec. 7159, an appeal from an order dissolving an attachment does not continue in force the attachment, unless an undertaking be executed and filed on the part of appellant within twenty days after the entry of the order appealed from, conditioned as required by this section of the statute.

3. An attachment is an ancillary proceeding that must have as a foundation the pendency of a principal action, but so long as

such action is pending, the right to the writ, if it exists, is a remedial right that continues until the entry of judgment in the principal action.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

Motion to dismiss appeal. *Denied.*

Peterson & Coffin, for Appellant, cite no authorities.

Whitcomb, Cowen & Clark, for Respondent.

Appeal *ultra* jurisdiction this court. (*Hattabaugh v. Volmer*, 5 Ida. 23, 46 Pac. 831; *Woodmansee & Webster Co. v. Woodmansee*, 31 Ida. 747,. 176 Pac. 148; *Kimzey v. Highland Livestock & Land Co.*, 37 Ida. 9, 214 Pac. 750; C. S., sec. 7159.)

Nothing before this court calling for an opinion. (*Utah Implement Vehicle Co. v. Kenyon*, 30 Ida. 407, 164 Pac. 1176.)

Mooted question. (*Graves v. Berry*, 35 Ida. 498, 207 Pac. 718; *Abels v. Turner Trust Co.*, 31 Ida. 777, 177 Pac. 884.)

WILLIAM A. LEE, J.—In this action appellant obtained a writ of attachment against respondent's property, which was, upon motion, dissolved June 22, 1923. On July 10, 1923, appellant appealed from the order dissolving the attachment but failed to file an undertaking until July 14, 1923. The undertaking is an appeal bond in the sum of $300 and also a *supersedeas* in the sum of $13,000, but was not filed or served within 20 days after the entry of the order dissolving the attachment. C. S., sec. 7159, provides: "An appeal does not continue in force an attachment unless an undertaking be executed and filed on the part of the appellant, by at least two sureties, in double the amount of the debt claimed by him; that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court

below be sustained; and unless within 20 days after the entry of the order appealed from such appeal be perfected."

Respondent moves to dismiss the appeal, upon the ground that the *supersedeas* not having been filed within the 20 days from the entry of the order dissolving the attachment, the appeal from such order presents only a moot question, as a reversal of the order dissolving the attachment could not revive the same.

C. S., sec. 7152, fixes the time for taking an appeal to the supreme court, and subdivision 2 of this section reads: " . . . . from an order dissolving or refusing to dissolve an attachment . . . . within 60 days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

We are of the opinion that this provision of C. S., sec. 7152, intends to give an absolute right of appeal to this court from an order of the district court dissolving or refusing to dissolve an attachment, irrespective of whether the appellant gives a *supersedeas* as required by C. S., sec. 7159, and that the only purpose of this provision relating to the giving of a *supersedeas* is to provide the additional remedy of keeping the attachment alive, if the *supersedeas* is filed within the 20 days.

Both parties to this appeal, in support of their respective contentions, rely upon *Utah Implement-Vehicle Co. v. Kenyon*, 30 Ida. 407, 164 Pac. 1176, wherein this court said:

"That portion of the appeal which appeals from the order dissolving the attachment will not be considered, for the reason that no bond was filed sufficient to continue in force the attachment, as provided in sec. 4814, Rev. Codes."

The section of the Rev. Codes referred to is C. S., sec. 7159. In that case the court below had instructed a judgment against appellant who had sued on a note which had been indorsed to it, and no other defense was interposed except that the indorsee, who was the holder of such note as collateral, was not the real party in interest within the meaning of the statute and was therefore without authority to bring an action upon this note. All the facts as to its

execution and indorsement being admitted, the opinion of this court is to the effect that the judgment should have been instructed for the plaintiff, which is manifestly correct. The judgment being directed for the defendant necessarily discharged the attachment.

An attachment is an ancillary proceeding that must have as a foundation the pendency of an action. In the instant case the action is still pending, and we see no reason why appellant is not entitled to have the question determined as to whether the court erred in dissolving its attachment, so long as there is nothing before this court to show that the main action has been disposed of. We therefore hold that the motion to dismiss the appeal should be denied, and it is so ordered. Costs awarded to appellant.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.