(February 17, 1927.)

WASHINGTON COUNTY, STATE OF IDAHO, a Municipal Corporation, Appellant, v. THE WEISER NATIONAL BANK, a Corporation, et al., Respondents.

[253 Pac. 838.]

ATTACHMENT—DISSOLVED BY JUDGMENT FOR DEFENDANT — STATUTORY CONDITIONS FOR CONTINUING ATTACHMENT PENDING APPEAL — COUNTY AS APPELLANT.

1. Under the provisions of C. S., sec. 6809, a judgment in favor of defendant dissolves attachment theretofore issued.

2. Under C. S., secs. 6809, 7159, construed together, an attachment may be continued in force pending an appeal by filing additional undertaking provided in section 7159 and by perfecting appeal within 20 days after judgment in favor of defendant.

3. Failure of county to perfect appeal within 20 days after judgment for defendant, in accordance with C. S., sec. 7159, *held*

to dissolve attachment theretofore issued, although county was not required to execute undertaking as prescribed in such section in order to preserve lien of attachment pending appeal.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.   Hon. T. Bailey Lee, Presiding Judge.

Appeal from order dissolving attachment pending appeal. *Affirmed.*

Frank D. Ryan, Oppenheim & Lampert and J. G. Sutliff, for Appellant.

The concluding clause of C. S., sec. 7159, refers entirely to appeals from orders dissolving attachments and not to an appeal from a final judgment.   (2 Hayne on New Trial and Appeal, p. 1206.)

The operation of a final judgment is suspended by an appeal therefrom.   (2 Cal. Jur. 413; *Ex parte Queirolo,* 119 Cal. 635, 51 Pac. 956; *Vosburg v. Vosburg,* 137 Cal. 493, 70 Pac. 473; *Schwarz v. Superior Court,* 111 Cal. 113, 43 Pac. 580; *Ex parte Dupes,* 31 Cal. App. 698, 161 Pac. 276.)

A final judgment for the defendant *ipso facto* works a dissolution of the attachment, and restores the parties to their original condition before the service of the writ.   When, however, after a judgment in favor of a defendant, the plaintiff in due time appeals, the effect of the dissolution is suspended, and upon a reversal of the judgment in the higher court, the plaintiff is restored to his original rights under the attachment.   (*Danforth v. Carter,* 4 Iowa, 230;

Publisher's Note.

1. Possibility of appeal from dismissal of attachment as affecting right to withhold property from debtor, see note in L. R. A. 1917B, 591. Effect of appeal by plaintiff on judgment for defendant in attachment, see note in Ann. Cas. 1913B, 180.

See Appeal and Error, 3 C. J., sec. 1398, p. 1275, n. 71; sec. 1454, p. 1325, n. 97.

Attachment, 6 C. J., sec. 540, p. 283, n. 78.

*Caperton v. McCorkle*, 5 Gratt. (Va.) 177; *Jackson v. Holloway*, 14 B. Mon. (Ky.) 133.)

"A judgment against the plaintiff in attachment which is appealed from does not dissolve the attachment, but the lien continues until the final disposition of the case." (*Treat v. Dunham*, 74 Mich. 114, 16 Am. St. 616, 41 N. W. 876.)

George Donart, James Harris and Scatterday & Stone, for Respondent.

Under C. S., sec. 7159, the trial court retains jurisdiction of any matter ancillary to the object of and not affecting the subject matter of the main case, which here consists solely of a contractual obligation. (*Baughman v. Superior Court*, 72 Cal. 572, 14 Pac. 207; C. S., sec. 6809.)

The judgment in defendant's favor *ipso facto* dissolved the attachment, and the fact that the judgment was not final did not limit its effect on the attachment. (*Aigeltinger v. Whelen*, 133 Cal. 110, 65 Pac. 125.)

An attachment being merely a creature of statute, its existence and operation in any case can continue no longer than the statute provides it may. (C. S., sec. 7159.)

"An attachment of defendant's property . . . is dissolved upon judgment in his favor, though plaintiff appeals." (*Loveland v. Alvord C'. Q. M. Co.*, 76 Cal. 562, 18 Pac. 682; *Hamilton v. Bell*, 123 Cal. 93, 55 Pac. 758.)

This statute refers to orders dissolving attachments and to judgments for the defendants in attachments suits. (2 Cal. Jur. 474, sec. 224.)

BUDGE, J. — Washington County brought an action against the Weiser National Bank to recover the sum of $137,866.32 upon a depository bond, the bond being signed by the Bank as principal and by a large number of individuals as sureties. In addition to the Bank the individuals who signed as sureties were made defendants. A writ of attachment was issued, and the property of the defendants

attached. The main action was tried before the court and a jury and judgment entered, January 15, 1925, in favor of defendants. Notice of appeal from the judgment was served, and filed in the district court March 4, 1925. On May 4, 1925, on motion of defendants the court entered an order dissolving the attachment, from which this appeal was taken.

Appellant relies upon one specification of error, viz., that the court erred in dissolving the attachment pending the appeal.

From an examination of the record it is noted that the appeal from the judgment entered in the main action, which was in favor of respondents, defendants in the court below, was filed 48 days after the entry of judgment. The notice of appeal was not accompanied by the filing of an undertaking, the county being relieved from the necessity of so doing by the provisions of C. S., sec. 7238. (2 Cal. Jur. 364, sec. 142.)

[1] Under the plain provisions of C. S., sec. 6809, a judgment in favor of defendant dissolves an attachment, a holding adhered to by the courts of California in passing upon a similar statute. (*Primm v. Superior Court,* 3 Cal. App. 208, 84 Pac. 786; *Loveland v. Alvord C. Q. M. Co.,* 76 Cal. 562, 18 Pac. 682; *Hamilton v. Bell,* 123 Cal. 93, 55 Pac. 758.) If, however, an appeal be perfected within the time prescribed by C. S., sec. 7159, the attachment in such case may be continued in force. The latter section provides for the stay of all proceedings in the court below whenever an appeal is duly taken, but specifically excludes from the operation of such provisions the continuation of an attachment, *unless* an undertaking be executed by the appellant in double the amount of the debt claimed, and the appeal be perfected within 20 days after the entry of the order appealed from.

[2] C. S., secs. 6809 and 7159, are to be construed together, and so construed, an attachment may be continued in force pending an appeal by filing the appropriate undertaking as prescribed in the latter section, and by perfecting the appeal within 20 days after the entry of judgment in

favor of defendant. Thus the dissolvent force of the judgment, under C. S., sec. 6809, is neutralized by the perfected appeal, provided the additional undertaking is filed and the appeal perfected within the time specified in C. S., sec. 7159. (*Primm v. Superior Court, supra.*)

[3] It is conceded that appellant county would not be required to execute an undertaking as prescribed in C. S., sec. 7159, in order to have the lien of the attachment preserved pending the appeal of the main action, but there is nothing to justify a construction of the statute so as to relieve it from a compliance therewith in regard to the time in which the notice of appeal must have been filed, if the attachment were to remain in force. Appellant was given the option either to take the steps which would preserve the lien of the attachment or not. (*Flagg v. Puterbaugh,* 101 Cal. 583, 36 Pac. 95.) The fact, therefore, of its failure to serve and file notice of appeal within 20 days after the entry of judgment in favor of respondents must be held, *ipso facto,* to have worked automatically a dissolution of the attachment. It was unnecessary for respondents to move for a dissolution of the attachment upon the failure of appellant, within 20 days after the entry of judgment in favor of respondents to serve and file notice of appeal therefrom, since that purpose was accomplished by appellant's failure to act and the operation of the statute. The appeal can, therefore, serve no useful purpose, and must be held for naught. Costs awarded to respondents.

Wm. E. Lee, C. J., Givens and Taylor, JJ., and Hartson, D. J., concur.