387 P.2d 883

Dyer SAMPSON, d/b/a Sampson Motor Company, Plaintiff-Appellant,

v.

LePage LAYTON, as Sheriff of the County of Cassia, State of Idaho, and Fireman's Fund Insurance Company, a foreign corporation, Defendants-Respondents.

No. 9363.

Supreme Court of Idaho.

Dec. 24, 1963.

Parsons, Smith & Snow, Norman H. Nielson, and T. H. Church, Burley, for respondents.

J. I. Burgess, Burley, for appellant.

KNUDSON, Chief Justice.

This action was commenced by appellant Dyer Sampson, as plaintiff, against respondents LePage Layton, as sheriff of the county of Cassia, and Fireman's Fund Insurance Company, as surety upon Mr. Layton's official bond. By this action appellant sought to recover judgment against respondents for damages in the amount of $225.96, together with interest thereon at 6% from December 21, 1959, allegedly resulting from a breach by Mr. Layton of the duties of his office.

Appellant's complaint alleges *inter alia* that on November 13, 1958, appellant filed an action in the justice court, Cassia County, Idaho, against one A. A. Walker; that on said date appellant delivered to respondent sheriff a writ of attachment duly issued in said action; that under the authority of said writ said sheriff levied upon and took into his possession a pickup truck, which was thereafter released by the said sheriff to the defendant Walker upon Walker's depositing with the sheriff the sum of $230.-00 in cash in lieu of said pickup; that said funds were thereafter held as attached property in said action.

It is further alleged that thereafter, on March 20, 1959, said justice court action was tried before a jury, resulting in a judgment in favor of the defendant Walker for his costs in the sum of $34.10; that the sheriff thereupon paid said $230.00 to the attorney for the defendant Walker; that on the 27th day of March, 1959, appellant filed his appeal from said judgment to the district court of the Eleventh Judicial District, in and for Cassia County. For the purpose of continuing in force said attachment appellant at the time of filing said appeal also filed an undertaking in double the amount claimed by appellant and stating that appellant would pay all costs and damages which the respondent (Walker) may sustain by reason of the attachment in case the order of the court below be sustained.

The complaint further alleges that on December 21, 1959, judgment in favor of appellant and against the said respondent Walker in the amount of $225.96, together with costs, was entered in said district court; that on February 24, 1960, appellant delivered to respondent sheriff a writ of execution to satisfy said judgment; that

said writ of execution was returned by said sheriff with the statement that the funds which had been held under attachment issued in the justice court had been released on March 20, 1959; that the sheriff returned the writ of execution unsatisfied.

Respondents, on March 11, 1963, filed herein their motion for a summary judgment supported by the affidavit of Anna M. Parish, justice of the peace before whom appellant's action against Walker was tried, to which was attached and made a part a copy of the judgment entered in favor of the defendant in said justice court action. Said affidavit discloses that said justice court judgment provides in part as follows:

> "It is further ordered that the Sheriff of Cassia County release to the defendant or his attorney any and all moneys, goods or chattels of the defendant heretofore attached by him by reason of the Writ of Attachment issued out of this Court in the above-entitled matter."

On March 15, 1963, appellant filed his motion for summary judgment. The trial court granted respondents' motion for summary judgment and from such judgment appellant has prosecuted this appeal.

The issue submitted for determination by this appeal may be concisely stated as follows:

Does a sheriff who holds property by virtue of a writ of attachment issued out of a justice's court have any duty or authority to retain custody of such property and continue such attachment in force, from the time of entry of a judgment in favor of the defendant therein to the expiration of the time (20 days) in which the plaintiff has a right under I.C. § 13–208, to perfect an appeal from such judgment? When must the undertaking, as provided for in said section, be filed in order to continue such attachment in force after judgment?

The answer to this question involves the meaning and construction of two statutes, one of which is I.C. § 8–531, which provides:

> "If the defendant recover judgment against the plaintiff, any undertaking received in the action, all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in the sheriff's hands, must be delivered to the defendant or his · agent. The order of attachment shall be discharged, and the property released therefrom."

The other statute is I.C. § 13–208, the pertinent portions of which are:

> "Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, and releases from levy property which has ·

been levied upon under execution issued upon such judgment; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from. * * * An appeal does not continue in force an attachment *unless* an undertaking be executed and filed on the part of the appellant, by at least two sureties, in double the amount of the debt claimed by him; that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained; and *unless* within twenty days after the entry of the order appealed from such appeal be perfected." [emphasis supplied]

The parties here are not in disagreement that said two statutes should be construed together so as to give them a harmonious effect if possible. The applicable general rule is stated in 50 Am.Jur. 367, Statutes, § 363:

* * * "Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions." * * *

We adhere to the cardinal rules of construction which require that courts should not nullify a statute or deprive a law of potency and force unless such course is absolutely necessary; meaning and effect should be given to every section of the code in all its parts, if possible to do so. In fact this court, in Washington County v. Weiser National Bank, 43 Idaho 618, 253 P. 838, stated that:

"C.S. § 6809 [I.C. § 8–531] and 7159 [I.C. § 13–208], are to be construed together, and, so construed, an attachment may be continued in force pending an appeal by filing the appropriate undertaking as prescribed in the latter section, and by perfecting the appeal within 20 days after the entry of judgment in favor of defendant. Thus the dissolvent force of the judgment, under C.S. § 6809 [I.C. § 8–531], is neutralized by the perfected appeal, provided the additional undertaking is filed and the appeal perfected within the time specified in C.S. § 7159 [I.C. § 13–208]."

An attachment is a creature of and governed by statute. It is a provisional remedy which is granted to the plaintiff in a law action and enables him to have the property of the defendant attached as security for the satisfaction of any judgment that he may recover (Sherwood v. Porter, 58 Idaho 523, 76 P.2d 928; Jesse v. Birchell, 198 Or. 393, 257 P.2d 255, 37

A.L.R.2d 952; J. I. Case Company v. McDonald, 76 Idaho 223, 280 P.2d 1070.)

It is clear that under the provisions of I.C. § 8–531, standing alone, an attachment is discharged and becomes a nullity when judgment is entered in favor of defendant against the plaintiff in an action in which an attachment is a part thereof, and all property that was attached must be delivered to the defendant or his agent.

It is equally clear that I.C. § 13–208 provides for the stay of all proceedings in the court below whenever an appeal is duly taken in such case, but it also specifically excludes from the operation of such stay provisions the continuation of an attachment in the case unless two specified additional requirements are complied with by appellant: (1) that a proper undertaking be executed and filed, and (2) that the appeal be perfected within 20 days.

■ This court has heretofore considered the identical statutes here involved. In Washington County v. Weiser National Bank, supra, a writ of attachment was issued and property of defendants attached; judgment was entered in favor of the defendants on January 15, 1925; notice of appeal from the judgment was filed and served March 4, 1925 (48 days after the entry of the judgment). The notice of appeal was not accompanied by the filing of an undertaking, the county being relieved by statute from the necessity of so doing. On motion of defendants the court entered an order dissolving the attachment from which order the appeal was taken. In discussing the issue the court stated:

"It is conceded that appellant county would not be required to execute an undertaking as prescribed in C.S. § 7159 [I.C. § 13–208], in order to have the lien of the attachment preserved pending the appeal of the main action, but there is nothing to justify a construction of the statute so as to relieve it from a compliance therewith in regard to the time in which the notice of appeal must have been filed, if the attachment were to remain in force. Appellant was given the option either to take the steps which would preserve the lien of the attachment or not. Flagg v. Puterbaugh, 101 Cal. 583, 36 P. 95. The fact, therefore, of its failure to serve and file notice of appeal within 20 days after the entry of judgment in favor of respondents must be held, *ipso facto,* to have worked automatically a dissolution of the attachment. It was unnecessary for respondents to move for a dissolution of the attachment upon the failure of appellant, within 20 days after the entry of judgment in favor of respondents, to serve and file notice of appeal therefrom, since that purpose was accomplished by appellant's failure to act and the operation of the statute."

There can be no doubt that if the attachment is to be preserved pursuant to I.C. § 13–208, one of the additional requirements is that the appeal from the judgment or order must be *perfected* within *20 days*. By "perfected" as here used is meant that an appeal is perfected when the notice of appeal is served and filed, and the proper undertaking is placed on file, according to law. Miller v. Pine Min. Co., 3 Idaho 603, 32 P. 207; Hattabaugh v. Vollmer, 5 Idaho 23, 46 P. 831; Woodmansee & Webster Co. v. Woodmansee, 31 Idaho 747, 176 P. 148. It should be here noted that under the general statute governing appeals from a judgment rendered in a civil action in a justice court (I.C. § 17–101) the appeal must be *taken* within *30 days* after the rendition of the judgment.

The remaining additional requirement to accomplish continuing the attachment in force during an appeal in such case is that the appellant execute an undertaking as prescribed by I.C. § 13–208 and cause it to be filed in the action. The decisive question here presented is when, with reference to the entry of judgment, must the undertaking referred to in said statute be filed in order to continue in force the attachment. Appellant contends that if such undertaking is filed within 20 days after entry of the judgment and the appeal is also perfected within that period, the attachment would be continued in force under the provisions of I.C. § 13–208.

It is clear from the context of the statute that the legislative intention was to provide a means whereby the dissolvent effect of a judgment for defendant may be stayed and an attachment which has been issued in the lower court may be continued in force during an appeal. The legislature specified the time within which the appeal must be perfected, but no specific time was fixed within which the additional undertaking must be filed. Said statute provides that "[a]n appeal does not continue in force an attachment *unless* an undertaking be executed and filed on the part of appellant, * * *." This language must be construed to mean that unless and until the additional undertaking is filed the attachment is not continued beyond the time limit provided in I.C. § 8–531, and conversely, if no such undertaking is filed at the time judgment for defendant is entered the judgment by its own vigor dissolves the attachment and a subsequent filing of an undertaking would not revive the attachment.

This court has, in a number of cases, considered and stated what is meant by said statute. In Washington County v. Weiser National Bank, supra, this court said:

"Under the plain provisions of C.S. § 6809 [I.C. § 8–531], a judgment in favor of defendant dissolves an attachment, a holding adhered to by the courts of California in passing upon a similar statute. [citing cases] If, however,

an appeal be perfected within the time prescribed by C.S. § 7159 [I.C. § 13–208], the attachment in such case may be continued in force. The latter section provides for the stay of all proceedings in the court below whenever an appeal is duly taken, but specifically excludes from the operation of such provisions the continuation of an attachment, *unless* an undertaking be executed by the appellant in double the amount of the debt claimed, and the appeal be perfected within 20 days after the entry of the order appealed from."

In Standlee v. Hawley, 50 Idaho 269, 295 P. 630, judgment was entered in favor of the defendant-respondent, and no undertaking as provided by I.C. § 13–208, was filed, and the court stated:

. "The effect of the final judgment in favor of defendants, irrespective of any reference thereto, was to dissolve the attachment."

In Utah Implement-Vehicle Co. v. Kenyon, 30 Idaho 407, 164 P. 1176, judgment had been entered for defendant-respondent. When considering an appeal from the judgment and an order dissolving the attachment, the court said:

"This appeal is from the judgment and from an order,—filed the same day as the judgment, dissolving the attachment which had been theretofore issued and levied against the property of the respondent. That portion of the appeal which appeals from the order dissolving the attachment will not be considered, for the reason that no bond was filed sufficient to continue in force the attachment, as provided in section 4814, Rev.Codes [I.C. § 13–208]."

In Sherwood v. Porter, 58 Idaho 523, 76 P.2d 928, the trial court had sustained a demurrer to the complaint in another action, which dissolved an attachment, and the plaintiff sought a writ of prohibition. The court stated:

"Here the trial court had held that the complaint does not set forth facts sufficient to constitute a cause of action and that it is incapable of amendment so as to state a cause of action. The court dismissed the action and entered judgment accordingly. *This automatically dissolved the attachment* but the court also entered a formal order dissolving the attachment." [emphasis supplied]

We deem it proper to refer. to the case of W. G. Jenkins & Co. v. McKenzie, 39 Idaho 291, 226 P. 1069, wherein the court referred to I.C. § 13–208 and stated that "The judgment being directed for the defendant necessarily discharged the attachment." We are also aware that some of

the language used in said case purports to construe a portion of I.C. § 13–208 adversely to the conclusion we have herein reached. The language we refer to (39 Idaho p. 293, 226 P. p. 1070) is clearly *obiter dictum* and it should be noted that the McKenzie case involved the right of appeal from an order dissolving an attachment as authorized under I.C. § 13–201. However, we now hold that whatever language used in said case which is in conflict with the conclusions herein announced is hereby overruled.

To hold that under the provisions of I.C. § 13–208, if appellant has 20 days within which to file the undertaking therein required, such would render § 8–531 meaningless, otherwise the attachment would be dissolved from the date of entering the judgment until such time as the undertaking is filed, not to exceed 20 days. If the latter be true, how and when would the attachment be revived? If the attaching officer had complied with § 8–531 and delivered all attached property to the defendant upon entry of the judgment, would the filing of the undertaking automatically constitute a directive to the officer to recover the property he had surrendered to the defendant? How would an attaching officer comply with such construction of these statutes? We do not believe that the legislature intended that the plaintiff in an action could cause the property of a defendant, who obtained judgment in the action, to be held under

attachment any period of time after entry of such judgment *unless* the undertaking required by the concluding clause of § 13–208 is filed to secure the defendant against costs and damages which he may sustain by reason of the attachment.

It is our opinion that a fair, reasonable, unstrained construction leads to the conclusion that the dissolvent force of a judgment for the defendant as provided by I.C. § 8–531 is neutralized by a perfected appeal, provided the additional undertaking as required by I.C. § 13–208 is filed before or at the time judgment for defendant is entered, and the appeal is perfected with the specified 20-day period. This construction gives harmonious effect to both sections and does not nullify either.

It may happen that diligence on the part of the attaching plaintiff will constitute an important element in preserving his attachment. However, the statutes establish the standard of diligence beyond the power of a court to effect. The remedy is with the legislature if the construction we have given to the statutes involved works an injustice in attachment proceedings.

We conclude therefore that the judgment for the defendant in the justice's court operated as a dissolution of the attachment and released the attached property. The additional undertaking not having been filed until seven days after the en-

try of the judgment did not stay the self-executing quality of the judgment appealed from. Judgment affirmed. Costs to respondents.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.