Barton v. Thompson et al.

BARTON v. THOMPSON ET AL.

1. **Attachment:** RESTITUTION OF PROPERTY UNDER BOND: JUDGMENT FOR DEFENDANT AND RELEASE OF SURETIES: NO EXCEPTION TO ORDER OF RELEASE: APPEAL: RES ADJUDICATA. The defendant in attachment gave bond as provided by § 2994 of the Code, and the attached property was restored to him. On the trial the judgment was for the defendant for costs, the attachment was dissolved, and the sureties on defendant's bond were discharged. Plaintiff excepted to all parts of the judgment except the order discharging the sureties, and he appealed from the judgment generally. The order discharging the sureties was in no way raised or considered on the appeal, but the judgment otherwise was reversed. Upon a new trial plaintiff recovered judgment, and thereupon moved for judgment against the sureties on defendant's bond, and judgment was entered against them. *Held* that the judgment against the sureties was erroneous, because the order discharging them in the former trial was within the jurisdiction of the court, and was not excepted to, and was a final adjudication as to their liability. Especially, in this case, was the judgment inequitable, since

the sureties, after the order of discharge, had parted with the security which the defendant had given them as indemnity, and the defendant himself was insolvent.

*Appeal from Mitchell Circuit Court.*

Thursday, June 11.

THIS action was commenced in 1874. The plaintiff claimed of the defendant Thompson some $275 damages for setting fire to and destroying certain stacks of wheat, the property of the plaintiff. The cause was aided by an attachment, which was levied upon certain property of the defendant. The defendants D. H. Saxton and I. F. Smith executed a bond as sureties under the statute, and the attached property was discharged and restored to the defendant. The case was twice tried in the court below, and twice reversed in this court. It was again tried in the court below, and a judgment was rendered for the plaintiff, and against the sureties in said bond. From this judgment the sureties appeal.

*Ellis & Ellis*, for appellants.

*Starr & Harrison*, for appellees.

ROTHROCK, J.—The bond executed by appellants is in these words: "Know all men by these presents that we, J. G. Thompson, principal, and D. H. Saxton and I. F. Smith, sureties, are held and firmly bound unto Smith Barton, in the sum of five hundred and fifty dollars, well and truly to be paid to the said Smith Barton, his heirs, executors and assigns. The condition of this obligation is such that, whereas, D. M. Ferguson, sheriff of Floyd county, Iowa, by virtue of a writ of attachment to him directed, and issued out of the office of the clerk of the district court of the state of Iowa in and for Floyd county, in an action wherein said Smith Barton is plaintiff, and said J. G. Thompson is defendant, did, on the tenth day of January, 1874, levy upon and attach the follow-

ing described property of said J. G. Thompson, to-wit: one bin of wheat; and whereas, said J. G. Thompson desires to have said attachment and levy discharged, and obtain restitution of said property, now, therefore, if said J. G. Thompson shall in all things well and truly perform any judgment of said court which may be rendered against him in said action, then this obligation to be null and void; otherwise to remain in full force and virtue.                J. G. THOMPSON,

" *Charles City, January* 12, 1874.     D. H. SAXTON,

"I. F. SMITH."

At the last trial, from which an appeal was taken, there was a verdict and judgment for the defendant. The record entry of the rulings of the court after verdict was as follows: " And now, on this twenty-second day of April, 1880, it being the third day of said term, this matter comes up for hearing on plaintiff's motion for a new trial. The motion for a new trial is overruled, to which ruling the plaintiff excepts. It is therefore considered and adjudged by the court that the said defendant have judgment on the verdict against the plaintiff for his costs, which are taxed at $————, and to the rendition of which the plaintiff excepts. Attachment is dissolved, to which plaintiff again excepts. And the sureties on defendant's bond are discharged." The plaintiff, in his notice of appeal from this judgment, appealed from the judgment generally; and in the arguments of counsel and the opinion in the case no reference was made to the order discharging the sureties. See 56 Iowa, 571. The appeal was taken several months after the judgment was rendered. When the cause was remanded and again tried, and the plaintiff recovered a judgment, a motion was made for judgment against the sureties on the bond, and the motion was sustained.

It is claimed by counsel for appellants that, as the order discharging the sureties on the bond was not excepted to nor appealed from, the order is a binding adjudication between the parties to the bond, and that the court erred in enter-

taining the motion for judgment.  The bond in question was that authorized by section 2994 of the Code, which is as follows:  "If the defendant, at any time before judgment, causes a bond to be executed to the plaintiff with sufficient sureties, to be approved by the officer having the attachment, or, after the return thereof, by the clerk, to the effect that he will perform the judgment of the court, the attachment shall be discharged, and restitution made of property taken, or proceeds thereof.  The execution of such bond shall be deemed an appearance of such defendant to the action."  And section 2995 is as follows: "Such bond shall be part of the record; and if judgment go against the defendant the same shall be entered against him and sureties."

By the terms of this section of the statute the court was empowered to adjudicate the rights of the sureties upon the bond, and render judgment against them.  They were, therefore, parties to the record.  It is true, they were not parties in the sense that in any of the pleadings they were named as defendants, but they were parties, nevertheless, against whom a judgment was authorized to be rendered, and of which they were bound to take notice at their peril.  They were in court with rights to be determined in that action, just as the plaintiff and defendant were in court, and were bound by the judgment of the court, the same as if they had been brought in on notice, or had made an appearance without notice.  The court had jurisdiction over them and over the subject of the action so far as it affected them, the same as it had jurisdiction to determine the cause, on its merits, between the plaintiff and defendant.  And it seems to us that there is no escape from the conclusion that the court had jurisdiction—that is, in its general sense—to make a special order discharging the sureties.  It may have been that the order was erroneous, but we think it is very clear that it was not without jurisdiction.  The plaintiff neither excepted to the order nor appealed therefrom.  The record does not disclose the ground upon which the order was made.  It may have been the opinion of

the court that the bond should be discharged when a judgment was rendered in that court in defendant's favor, and that such judgment was an end of the sureties' liability. It is not material, however, what the grounds were. We are confronted with the order, which stands without exception thereto and without appeal therefrom, and we think that upon the plainest principles it is a final adjudication between the parties. And the record shows that the sureties acted upon the order as a final adjudication as to them. It appears that defendant Thompson is wholly insolvent, and that he fully indemnified his sureties on account of their liability, and that the sureties held such indemnity until the order of discharge; and, relying upon said order, and that plaintiff took no exceptions thereto, they released to the defendant the security which they held for their protection. We think the rights of the parties were fixed and determined when the plaintiff failed to except to the order of discharge. An appeal without such exception would have been unavailing, and it would be manifest injustice to hold the sureties liable, they having surrendered the indemnity which they held from the defendant.

The judgment against the sureties will be reversed; and this disposition of the case renders it unnecessary to consider an appeal taken by the plaintiff, which involves a question as to the amount of the judgment.

REVERSED.