(87 Misc. Rep. 456)

### YOUNGMAN v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Trial Term, New York County. November, 1914.)

ATTACHMENT (§ 337*)—BOND TO PROCURE RELEASE—DISCHARGE OF SURETY.

    Though the entry of a judgment for defendant in attachment proceedings, in which there had been no stay, annulled the attachment, so that it could not be revived by a reversal on appeal, it did not discharge a surety on a bond, given under Code Civ. Proc. § 688, to secure a release of the attached property.

    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1213–1222; Dec. Dig. § 337.*]

Action by William L. Youngman against the Fidelity & Deposit Company of Maryland on an undertaking under Code Civ. Proc. § 688, to discharge an attachment on property. Judgment for plaintiff.

Taylor, Jackson & Brophy, of New York City (Howard Taylor, of New York City, of counsel), for plaintiff.

Lewis, McKay, McMillan & Bown, of Rochester, for defendant.

PAGE, J. The plaintiff brought an action against a foreign corporation and obtained a warrant of attachment against its property. The corporation appeared in the action, obtained an order discharging the attachment as to the whole of the property attached, and gave the undertaking required by section 688 of the Code of Civil Procedure, in the sum of $30,000, "that the defendant will, on demand, pay to the plaintiff the amount of any judgment which may be recovered herein against the defendant, not exceeding the above-mentioned sum, with interest." The action was subsequently tried, and judgment entered upon a verdict of a jury for the defendant, dismissing the complaint, with costs. An appeal was taken to the Appellate Division, which court reversed the judgment for the defendant, and directed the entry of judgment absolute for the plaintiff. The judgment has not been paid, and the present action is brought against the surety upon the undertaking given as aforesaid.

It is claimed in defense to the action that, no stay of proceedings having been obtained at the time when judgment was entered for the defendant, the said judgment annulled the attachment and discharged the surety upon the undertaking. This defense is based upon the wording of section 3343 of the Code of Civil Procedure, subdivision 12 of which states:

"A warrant of attachment against property is said to be 'annulled' when the action, in which it was granted, abates or is discontinued, or a final judgment rendered therein in favor of the plaintiff. * * * But, in the case last specified, a stay of proceedings suspends the effect of the annulment, and the reversal or vacating of the judgment revives the warrant."

It might well be that, since no stay of proceedings was obtained upon the judge's minutes at the close of the trial, the entry of judgment for the defendant irrevocably annulled the attachment, so that it could not be revived by the reversal of the judgment on appeal. (Friede v. Weissenthanner, 27 Misc. Rep. 518–519, 58 N. Y. Supp. 336); but it does not follow that the undertaking upon which this action was brought was also thereby annulled, and the surety discharged. The annulment of the attachment does not necessarily discharge the bond of a surety given to procure the release of the property attached. Where an attachment is set aside for want of jurisdiction to sustain it, the undertaking, as well as the attachment, is void. Cadwell v. Colgate, 7 Barb. 253. But where the attachment was legally and properly issued, and is subsequently set aside or vacated, it has been held in an early case that the undertaking given to release it remained in full force, unless the court, in vacating the attachment, expressly vacated the undertaking. Bildersee v. Aden, 62 Barb. 175.

In the case at bar the attachment was valid at the time when the

undertaking was given to discharge it, and, in consideration of the discharge, the surety agreed unconditionally to pay the amount of "any judgment which may be recovered herein against the defendant." Such a judgment has been finally recovered in the said action, and the defendant herein is liable to the extent of its undertaking for the payment of the judgment, with interest.

Judgment for the plaintiff for $30,000, with interest thereon from March 30, 1914.

Judgment accordingly.