GEORGE HADJOPOULOS, Respondent, *v.* EVANGELOS LUCA MANOUSSO, Appellant. (No. 2.)

First Department, May 27, 1921.

**Attachment — discharge after final judgment — undertaking required.**

Since the amendment of sections 687 and 688 of the Code of Civil Procedure, by chapter 507 of the Laws of 1906, the defendant, in order to secure the discharge of an attachment after final judgment, must file the same undertaking as where application is made before final judgment, and in addition thereto he must give the security required to perfect an appeal to the Court of Appeals from a final judgment, of the same amount or to the same effect, and to stay the execution thereof.

APPEAL by the defendant, Evangelos Luca Manousso, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1921, granting plaintiff's motion for a reargument and denying defendant's motion for an order to discharge the warrant of attachment after judgment.

*Tobias A. Keppler* of counsel [*J. Carl Becher,* attorney], for the appellant.

*Robert Moers,* for the respondent.

PAGE, J.:

The plaintiff, in an action wherein he demanded judgment for the sum of $68,000, obtained a warrant of attachment which was levied on certain stock of the defendant in certain corporations which the defendant claims to be of the value of $100,000. The action was tried and resulted in a judgment for the plaintiff in the sum of $16,260.43. The defendant has appealed from this judgment and filed an undertaking by a surety company which provides that if the appeal is dismissed or the judgment affirmed the surety company will pay to the plaintiff the amount of the judgment and any damages sustained by him not to exceed $500. Thereupon the defendant made a motion to discharge the attachment, relying upon the final sentence of section 688 of the Code of Civil Procedure. The motion was at first granted, but on reargument was denied by the justice at Special Term.

Prior to 1906 section 687 of the Code of Civil Procedure provided that "The defendant may, at any time after he has appeared in the action, and before final judgment, apply to the judge who granted the warrant, or to the court for an order to discharge the attachment, as to the whole or a part of the property attached;" and section 688 ended with the sentence of which the concluding words are "appraised value of that portion." (Laws of 1876, chap. 448, § 687; Id. § 688, as amd. by Laws of 1877, chap. 416, § 1, subd. 149.) Section 1311 of the Code of Civil Procedure provided that where the security given upon an appeal taken from a final judgment of the Supreme Court or certain lower courts is equal to that required to perfect an appeal to the Court of Appeals and to stay execution of the judgment the court may, in its discretion, make an order discharging a levy by execution upon personal property; but also expressly provided: "But this section does not authorize the discharge of a levy, made by virtue of a warrant of attachment." There was, therefore, no provision in the Code of Civil Procedure for the discharge of an attachment after final judgment. If the levy of the attachment was not discharged prior to judgment, the property levied upon by the attachment would be held subject thereto, although the undertaking was filed to perfect the appeal and stay the execution; and if the warrant was discharged before

judgment by giving an undertaking, the sureties were not relieved by the giving of the undertaking to perfect the appeal and stay execution.

In 1906 the Legislature amended section 687 by striking out the words " and before final judgment " (Laws of 1906, chap. 507), and section 688 by adding the words: " Upon such application being made after final judgment, the defendant must give the security required to perfect an appeal to the Court of Appeals from a final judgment, of the same amount or to the same effect, and to stay the execution thereof " (Laws of 1906, chap. 508). Section 1311 was not amended, except as it had been theretofore amended in a way not here material. (See Laws of 1895, chap. 946; Laws of 1899, chap. 215.) If we should adopt the theory of the appellant we would authorize the discharge of the levy of the attachment upon the filing of the undertaking in the form and to the effect of that required to perfect an appeal to the Court of Appeals and stay the execution, which section 1311 says is not authorized. It is a well-settled rule of statutory construction that all parts of a statute must be read together and such construction given, if possible, as will render the different provisions harmonious and effective.

After the amendments of 1906 an application to discharge an attachment could be made at any time after the defendant appeared before or after final judgment. Section 688 states that " upon such an application," *i. e.,* upon an application made at any time after the defendant had appeared, the defendant must give an undertaking to pay to the plaintiff the amount of any judgment which may be recovered in the action. If the application is made after judgment there is an additional, and not a substitutional requirement that the defendant must also give the undertaking to perfect the appeal and stay the execution. Any other construction leads to this absurdity, that if the application is made before judgment, and the undertaking given, the sureties remain liable, even if the judgment be in favor of the defendant and be reversed, on appeal and a new trial granted, and must pay any judgment which is finally recovered in the action (*Youngman* v. *Fidelity & Deposit Co.,* 87 Misc. Rep. 456); whereas, if the application is made after judgment in favor of the plain-

tiff, the attachment could be discharged by merely filing an undertaking to pay if the judgment is affirmed or the appeal dismissed, and should the judgment be reversed and a new trial granted and a second judgment recovered for the plaintiff, the property attached would have been released and nothing would stand as security therefor. It would be unreasonable to suppose that the Legislature intended that a creditor whose claim had been reduced to judgment should have less security than one whose claim was only asserted in an action.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.