THE CROWELL CORPORATION, Appellant, *v.* BAUGH & SONS COMPANY, Respondent.

First Department, December 9, 1932.

*Neil P. Cullom* of counsel [*James E. Freehill* and *Henry W. Steingarten* with him on the brief], for the appellant.

*Theo. J. Miller* of counsel [*Dunnington, Gregg & Church,* attorneys], for the respondent.

O'MALLEY, J. The argument of this appeal was confined to the preliminary question whether the trial justice had power to dismiss the complaint after the jury had *disagreed* and had been *discharged,* where decision on defendant's motion to dismiss had not been reserved pending the rendition of the verdict.

Respondent's counsel recognizes the general rule that no such power would exist had a verdict been rendered (*Dougherty* v. *Salt,* 227 N. Y. 200; *Wilson* v. *Baillie Mfg. Co.* v. *City of New York,* 122 App. Div. 622; *Fitzgerald* v. *Colt-Stewart Motor Co., Inc.,* 231 id. 176); but because of the disagreement it is urged that a different rule applies and authority in the trial justice to dismiss in a proper case remains even though reservation on the defendant's motion to dismiss before submission to the jury had not been made.

We are unable to accept respondent's view of the law. In none of the cases relied upon (*Butler* v. *Supreme Council,* 43 App. Div. 531; *McDonald* v. *Metropolitan Street R. Co.,* 46 id. 143; revd., on other grounds, 167 N. Y. 66; *Welch* v. *Sage,* 47 id. 143). does it appear that the jury had been actually discharged when the motion was granted. In fact, reservation on defendant's motion to dismiss had been made in one of the cases cited (*McDonald* v. *Metropolitan Street R. Co., supra*).

The jury having been finally discharged and no reservation having been made on defendant's motion to dismiss based upon the minutes, the court had lost its power to dismiss the complaint. Here it appears that at the time of the dismissal the case had actually been returned to the trial calendar for disposition in its regular course. If the trial justice retained power at such time to dismiss, it would follow that the motion might well have been granted after retrial of the case had in fact commenced, or even after a judgment in favor of plaintiff had in fact been rendered upon such retrial.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.