BAUGH AND SONS COMPANY, Plaintiff, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

First Department, January 19, 1934.

*Theodore J. Miller* of counsel [*George Kirk* with him on the brief; *Dunnington, Gregg & Church,* attorneys], for the plaintiff.

*Robert Gray* of counsel [*William J. McArthur,* attorney], for the defendant.

O'MALLEY, J. The issue presented is whether the liability of an obligor upon a bond given to discharge an attachment survives its annulment, by reason of a dismissal of the complaint and the failure to procure a stay of proceedings pending appeal which results in a new trial.

In an action wherein plaintiff was defendant and the Crowell Corporation plaintiff, an attachment levied on said defendant's property was discharged upon the undertaking of defendant herein. The obligation of the bond was " that the defendant Baugh and Sons

Company [plaintiff herein] will pay any judgment which may be finally recovered by the plaintiff against the defendant in the above entitled action."

Upon the trial the complaint was dismissed after a jury disagreement and where decision on the motion to dismiss had not been reserved. This judgment was reversed and a new trial ordered. (*Crowell Corporation* v. *Baugh & Sons Co.*, 237 App. Div. 68.) Pending appeal no stay of proceedings had been obtained, and accordingly the attachment itself was thereby annulled. (Civ. Prac. Act, § 7, subd. 4; *Flick* v. *Wyoming Valley Trust Co.*, 149 App. Div. 546.) Upon the new trial the complaint was again dismissed upon the merits and judgment entered in favor of the defendant, the plaintiff herein. Again, no stay of proceedings was obtained pending appeal to this court, which appeal is still undetermined.

It is the contention of the plaintiff that the undertaking of the defendant given to release the attachment fell when the attachment itself was annulled by entry of the first judgment of dismissal, no stay of proceedings on appeal having been obtained. It seeks, therefore, to have it adjudged that it was no longer liable for premiums on the bond after such date. The defendant on the other hand maintains that its liability was not finally determined by the annulment and that its obligation still subsists with the requirement on the part of the plaintiff to continue premium payments until final determination of the action in plaintiff's favor.

Upon facts similar to those here presented, this court has decided that an obligor is not released from his obligation merely because the attachment to secure which the bond had been given was itself annulled. (*Youngman* v. *Fidelity & Deposit Co.*, 169 App. Div. 934, affg. 87 Misc. 456.) The decision in *Flick* v. *Wyoming Valley Trust Co.* (*supra*) is not an authority in plaintiff's favor. That case considered merely the power of the court to increase security given in releasing the levy under a warrant of attachment when such warrant had been annulled by failure to give security on appeal by the plaintiff from a judgment dismissing the complaint. In such circumstances it was properly decided that further security could not be required as the warrant of attachment had been annulled. However, the court did not have before it the question here presented and did not purport to pass upon such question directly or by way of dictum.

Nor does the case of *Holyoke* v. *Adams* (1 Hun, 223), when read in the light of both appeals, sustain plaintiff's position. In that action a warrant of attachment which had been obtained against non-residents was dissolved by the giving of an undertaking with sureties. Some two years after the commencement of the action

and while it was still pending the defendants commenced proceedings in bankruptcy. They first applied at Special Term for a stay of proceedings in the action pending their application for a discharge in bankruptcy. This action was denied in so far as plaintiff's right to proceed to judgment was concerned; and on appeal the order was affirmed in an opinion by BRADY, J. (*Holyoke* v. *Adams, supra,* pp. 224, 225). Thereafter, the defendants having procured their several discharges in bankruptcy, including the claim sued upon by the plaintiff, again invoked Special Term for leave to serve a supplemental answer pleading such discharge. The order denying such motion was again affirmed on appeal in an opinion by DAVIS, P. J. (*Holyoke* v. *Adams, supra,* pp. 226, 227), in which the reasoning of BRADY, J., on the prior appeal was reaffirmed. A clear statement of the law applicable to the present situation is found in the opinion of BRADY, J.: " The undertaking having been given, the sureties assumed the payment of the debt alleged when established by process of law, and they became the debtors of the plaintiff, on condition that the demand was proven and judgment for it obtained. This obligation rests upon, and the consideration is, the delivery of the property seized, a delivery predicated entirely of their promise to pay the claim, for the discharge of which the property released, was seized. Their liability, therefore, depends upon whether the debtor, at the time of the giving of the undertaking, was lawfully indebted to the plaintiffs, and, to ascertain that, the judgment must be recovered; for such, as already suggested, is the condition of the obligation assumed·by them. If this view be correct, it is immaterial whether the debtor has been discharged from his indebtedness or not, by subsequent proceedings. Such a result would not affect the liability of the sureties whose undertaking related to an existing liability, which, as soon as determined, made their promise absolute." (*Holyoke* v. *Adams,* 1 Hun, 224, 225.)

As was stated in *Carpenter* v. *Turrell* (100 Mass. 450, 452): " The plaintiffs contend that the bond is a mere substitute for the attachment, and therefore that it should stand in all respects as its precise equivalent. But such is not the purport of the bond, nor the intention of the statute which authorizes it to be given. It does not merely restore the possession of the property to the debtor subject to the attachment; it dissolves the attachment utterly. It is not given for the property itself, nor as security for its value; but for the payment absolutely of the judgment when recovered in the suit, whatever may be its amount. It is, in many respects, a higher and better security for the creditor than the attachment. It is not liable to be discharged by the insolvency or death of the debtor;

nor by any facts which might dissolve the attachment without defeating the suit."

While it is true that *Holyoke* v. *Adams* (*supra*) disapproved the result in *Carpenter* v. *Turrell* (*supra*), such disapproval was with respect merely to the effect of a discharge of a defendant in bankruptcy. Both authorities are in accord with the proposition, here contended for, that the liability of a surety on an obligation in the form of defendant's bond, given to discharge a warrant of attachment, is not dissolved by the annulment merely of the warrant of attachment.

The decision in *Hamilton* v. *Bell* (123 Cal. 93) is inapplicable to the facts before us. The case cited dealt with a bond given to release an attachment under the California statute. It differed materially from the bond here in suit. It was a bond known as a delivery or forthcoming bond. The obligation of the bond was not, as here, to pay any judgment which the plaintiff might finally recover, but was an undertaking for the redelivery of the attached property or, in default thereof, for payment to the plaintiff in the action of the full value of the property released.

The distinction between the two types of bonds given to release property from the burden of the levy has been pointed out in a later decision in the same jurisdiction (*Turner* v. *Fidelity & Deposit Co.*, 194 Pac. 58; affd., 187 Cal. 76; 200 Pac. 959; see, also, 21 A. L. R. 290).

The claim of the plaintiff in the main action, by virtue of its appeal to this court from the judgment of dismissal, is still *sub judice*. There is a possibility, therefore, that the plaintiff in the action may ultimately obtain a judgment against the plaintiff herein. The obligation of this contract is that the plaintiff herein will " pay any judgment which may be *finally recovered* by the plaintiff against the defendant " in the main action. (Italics ours.)

The obligation of the defendant on its bond, therefore, still subsists. Accordingly, the plaintiff is still liable for the payment of premiums.

It follows, therefore, that judgment should be directed in favor of the defendant for the sum of $811.28, as contended for by the defendant in paragraph " twentieth " of this submission. Such judgment, however, should be without costs.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment directed in favor of defendant for the sum of $811.28, as contended for by the defendant in paragraph " twentieth " of the submission, without costs. Settle order on notice.