[Civil No. 4043.   Filed May 6, 1940.]

[102 Pac. (2d) 88.]

THE FEDERAL RUBBER COMPANY, a Corporation, Appellant, v. MYRTLE E. PRUETT, Appellee.

Messrs. Townsend, Jenckes & Wildman, for Appellant.

No appearance for Appellee.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, specially appearing for protestant Hartford Accident and Indemnity Company.

LOCKWOOD, J.—Plaintiff herein filed petition in this court for recall of the judgment and mandate heretofore transmitted to the trial court, and asked for a temporary order restraining the trial judge from rendering judgment on the mandate. The temporary restraining order was issued, but the recall of the mandate was deferred pending a determination of the questions involved.

Hartford Accident and Indemnity Company, a corporation, hereinafter called protestant, appeared specially for the purpose of objecting to the jurisdiction of this court to modify its mandate upon any recall thereof by amending or enlarging the same so as to direct the trial court to enter any judgment or order against protestant.

The situation which led up to these proceedings is as follows: Plaintiff, after filing its complaint in the trial court, took out a writ of garnishment directed to the Coulter Motor Co., a corporation, hereinafter called the garnishee. The latter answered, stating that defendant owned twenty-five shares of its capital stock, and that it was indebted to her in a small sum. Thereafter plaintiff, defendant and garnishee entered into the following stipulation:

"It is hereby stipulated and agreed . . . that the defendant Myrtle E. Pruett may file a replevin bond under the provisions of paragraph 4264, R. C. 1928, in the amount of two thousand dollars ($2000) and that the Clerk of the Superior Court may accept and approve a bond in said amount. Upon the filing and approval of said bond, it is stipulated and agreed by and between the parties hereto that the property in the possession of the garnishee, as shown by its answer herein, is released from said writ of garnishment and that said bond is substituted therefor, and that no liability will be asserted or claimed herein against the garnishee."

and a bond executed by defendant with protestant as surety thereon was filed, which reads as follows:

"Replevin Bond on Garnishment

"Know All Men by These Presents:

"That Myrtle E. Pruett, as principal, and Hartford Accident & Indemnity Company, a surety company authorized to do business in the State of Arizona, as surety, are held and firmly bound unto the Federal Rubber Company, a corporation, in the sum of two thousand dollars ($2000.00), for the payment of which well and truly to be made we bind ourselves, our heirs, administrators, executors and assigns.

"The condition of the foregoing is that

"Whereas, in an action pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, wherein the above mentioned Federal Rubber Company, a corporation, is the plaintiff, and Super Service Inc., a corporation, and the above mentioned plaintiff Myrtle E. Pruett, are defendants, a writ of garnishment was issued directed to the Coulter Motor Company, a corporation, wherein and whereby said Coulter Motor Company is required to answer in what amount, if any, it was indebted to the said Myrtle E. Pruett, or what if anything it had in its possession belonging to said Myrtle E. Pruett, and

"Whereas, it is understood and agreed that the defendant Myrtle E. Pruett is the owner of twenty-five (25) shares of the capital stock of said Coulter Motor Company, and that the answer in said garnishment proceedings will so show,

"Now, therefore, if the said Myrtle E. Pruett will pay and discharge any judgment, including costs, that may be rendered against her in the above entitled action, then this obligation shall be null and void, otherwise it shall remain in full force and effect."

The principal case was duly tried and judgment was rendered as follows:

"It is ordered, adjudged and decreed that the plaintiff herein The Federal Rubber Company, a corporation, do have and recover from the defendant Super Service, Inc., the principal sum of $1546.19, together

with interest thereon in the sum of $109.21, and for its costs and disbursements incurred and expended in this action, taxed and allowed in the sum of $——

"It is further ordered, adjudged and decreed that the plaintiff take nothing by its complaint against the defendant Myrtle E. Pruett, and that she have her costs incurred and expended in this action, taxed and allowed in the sum of $——, and

"It is further ordered, adjudged and decreed that the replevin bond heretofore filed herein by the defendant Myrtle E. Pruett as principal and the Hartford Accident and Indemnity Co. as surety is exonerated and the surety released, and

"It is further ordered, adjudged and decreed that the garnishment bond heretofore filed in the above entitled cause of action by the plaintiff herein, the Federal Rubber Company as principal and the Aetna Casualty and Surety Company, a corporation, as surety, is hereby exonerated and the surety released."

After the usual formalities precedent thereto, plaintiff gave the following notice of appeal:

"Notice is hereby given that the above named plaintiff, The Federal Rubber Company, a corporation, appeals to the Supreme Court of the State of Arizona, from the following part of that certain judgment rendered in the above entitled cause, on April 16, 1938, in favor of the above named defendant, Myrtle E. Pruett, and against the above named plaintiff, The Federal Rubber Company, a corporation, to-wit: (Here follows last three paragraphs of judgment just above quoted)."

and executed an appeal bond in favor of defendant Pruett alone, in the sum of $400. No notice of appeal was served upon protestant, nor was a *supersedeas* bond of any nature filed. When the case came before us on appeal we reversed the judgment in favor of defendant Pruett and directed that the trial court enter judgment against her in favor of plaintiff. Nothing was said in our opinion in regard to the replevin and garnishment bonds exonerated on the judg-

ment appealed from. When the matter came before the trial court on the mandate, protestant appeared specially and objected to any judgment being entered against it. The trial court took the question thus raised under advisement, and plaintiff initiated the present proceeding in this court.

The precise question before us is whether we should recall the mandate for the purpose of modifying our judgment by directing that judgment be entered against protestant, the surety on defendant's bond above set forth. Whether this should be done will depend upon whether plaintiff is entitled under the facts and as a matter of law to a judgment in the instant case against protestant. It is urged by protestant that it was not made a party to the proceedings in the trial court, nor in this court on appeal, and that the court, therefore, has no jurisdiction to order any judgment against it. It is further contended that when a writ of garnishment is issued in a case and a redelivery bond is given by defendant, and the trial court thereafter renders a judgment discharging the garnishee on its answer, or discharging the sureties on the bond, and no *supersedeas* bond on appeal is filed, the garnishee is no longer bound by the writ of garnishment, and may dispose of any property of the defendant in such manner as the latter directs, without being liable therefor, and the sureties on the redelivery bond are finally discharged, even though on appeal a judgment is eventually directed against the principal defendant. So far as jurisdiction of the protestant is concerned, we think if the bond in question is, as claimed apparently by both parties, the statutory redelivery bond permitted by section 4264, Revised Code of 1928, the protestant, although not denominated as a party in the pleadings, was subject to the jurisdiction of the lower court and bound by any judgment which it might render.

A somewhat similar question arose in the case of *Barton* v. *Thompson,* 66 Iowa 526, 24 N. W. 25, 26, cited and strongly relied upon by protestant. Therein the court said, quoting a statute substantially like the last sentence of section 4264, *supra*:

"By the terms of this section of the statute the court was empowered to adjudicate the rights of the sureties upon the bond, and render judgment against them. They were, therefore, parties to the record. It is true, they were not parties in the sense that in any of the pleadings they were named as defendants, but they were parties, nevertheless, against whom a judgment was authorized to be rendered, and of which they were bound to take notice at their peril. They were in court with rights to be determined in that action, just as the plaintiff and defendant were in court, and were bound by the judgment of the court, the same as if they had been brought in on notice, or had made an appearance without notice. The court had jurisdiction over them and over the subject of the action so far as it affected them, the same as it had jurisdiction to determine the cause, on its merits, between the plaintiff and defendant. . . . "

We think, therefore, that the trial court had general jurisdiction of the person of the protestant, and that this court also had such jurisdiction, unless the failure of plaintiff to serve notice of appeal on the protestant changes the situation.

The next question is whether an appeal without the giving of a *supersedeas* bond released the surety on the bond. It will be noted that the notice of appeal expressly set up the order discharging the surety as part of the judgment from which the appeal was taken. The question has arisen in many states under attachment and garnishment statutes as to whether when the trial court quashes a writ of attachment or garnishment, the garnishee or the defendant may dispose of the property seized by the attachment or shown on the return to the writ of garnishment, without lia-

bility therefor, if no *supersedeas* bond is filed on appeal, notwithstanding that judgment on appeal may eventually be rendered against the defendant in the action, and it is very generally held that under such circumstances the liability on the writs is discharged. *Maxwell* v. *Bank of New Richmond,* 101 Wis. 286, 77 N. W. 149, 70 Am. St. Rep. 926; *Stephens* v. *Willis,* 21 Ky. Law Rep. 170, 51 S. W. 9; *Hey* v. *Harding,* 25 Ky. Law Rep. 1454, 78 S. W. 136; *Koenig* v. *Curran's Restaurant etc. Co.,* 121 Pa. Super. 201, 183 Atl. 451.

It is also held by the Supreme Court of California that the same rule applies to the sureties on a statutory redelivery bond after attachment. *Hamilton* v. *Bell,* 123 Cal. 93, 55 Pac. 758. And the Supreme Court of Arkansas, in *Hot Springs Concrete Co.* v. *Rosamond,* 180 Ark. 690, 22 S. W. (2d) 368, applies it to a statutory redelivery bond in garnishment. Indeed, we know of no cases holding to the contrary where the bond is a statutory one conditioned as is the bond provided for by section 4264, *supra.* That section, so far as material, reads as follows:

" . . . conditioned for the payment of any judgment that may be rendered against the said garnishee in such suit, or for the payment of the value of the property garnished. Where the defendant gives bond as herein provided, such defendant may make any defense which the garnishee could make in such action. If judgment is rendered in favor of the plaintiff it shall be against the defendant and the sureties on such replevy bond for the amount of such judgment."

It will be observed that the defendant may make any defense on the bond which the garnishee could have made in his answer to the writ of garnishment. Further, the condition of payment is only for the payment of any judgment that may be rendered against the *garnishee,* or to return the property which was garnished, or its value, which is then to be applied to the judgment that may be rendered against the prin-

cipal defendant. When judgment is rendered in favor of the plaintiff in the main action, the judgment on the bond is not necessarily for the amount of the judgment in the principal case, but merely for the amount of the judgment rendered against the garnishee, or the value of the property garnished. In many cases the value of the property garnished will be far less than the amount of the judgment eventually rendered against defendant, and it often happens that while judgment goes against the defendant in the principal action, it is in favor of the garnishee on his answer. The whole effect of section 4264, *supra,* is to permit the defendant to substitute for any property or effects which the garnishee may possess of his, a bond which is equivalent in value of such property, and to provide that if it eventually appears that judgment would have been rendered against the garnishee upon his answer, that it shall be rendered against the sureties on the bond for the same amount. There is no obligation whatever provided by the bond set up in section 4264, *supra,* to pay any judgment whatever which may be rendered against the defendant. It is only to pay whatever judgment would be rendered against the garnishee, for application on the judgment against the principal defendant.

■ The bond actually given is of a very different nature. While the stipulation states that it is to be given as a replevin bond under the provisions of section 4264, *supra,* it waives entirely any recourse against the property garnished or against the garnishee. Under its terms no judgment could be rendered as set forth in section 4264, *supra,* against the garnishee. The bond recites, it is true, the principal law suit and the garnishment, but its condition reads as follows:

"Now, therefore, if the said Myrtle E. Pruett will pay and discharge any judgment, including costs, that

may be rendered against her in the above entitled action, then this obligation shall be null and void, otherwise it shall remain in full force and effect.''

This is an unconditional agreement to pay any judgment which may be rendered against the *defendant*. A similar situation arose in the state of California, in the case of *Turner* v. *Fidelity & Deposit Co. of Maryland,* (Cal. App.) 194 Pac. 58. The court, in discussing the matter, distinguished the case of *Hamilton* v. *Bell, supra,* and held that it was only when the bond was a statutory one conditioned for the redelivery of the property that a dissolution of the attachment lien would release the sureties upon the bond, and that a bond which was an unconditional promise to pay a judgment against the *defendant,* was a common law bond and that notwithstanding the attachment lien was dissolved, an independent action on the bond would lie. The case was affirmed by the unanimous opinion of the Supreme Court of California, in *Turner* v. *Fidelity & Deposit Co. of Maryland,* 187 Cal. 76, 200 Pac. 959. A similar question arose in *Baugh & Sons Co.* v. *United States Fidelity & Guar. Co.,* 239 App. Div. 731, 268 N. Y. Supp. 741, and it was held that when the condition of a bond given for the dissolution of an attachment was not to return the property attached but to pay any judgment which might be rendered, the obligation on the bond still stood, notwithstanding that judgment had been rendered in the trial court in favor of defendant and dissolving the attachment, which was later reversed on appeal, on which appeal no *supersedeas* bond had been given. The same principle was involved in the case of *Washer* v. *Campbell,* 40 Kan. 398, 19 Pac. 858. The bond given was not the statutory one conditioned for the return of the property released, but an unconditional one for the payment of the judgment against defendant, and it was held that a judgment quashing

the garnishment proceedings did not discharge the bond.

We are of the opinion that the failure to give a *supersedeas* bond on the appeal in the present case, or to serve defendant with notice of the appeal, did not discharge the protestant from liability on its bond. But may such liability be enforced by a summary judgment in the present proceeding? Since, as we have held, the bond in question was not the statutory bond provided under section 4264, *supra,* and since the summary judgments provided by the section are only permitted on a bond conditioned in strict conformity therewith, we think the remedy of plaintiff is not a return of the mandate and a rendition of judgment against protestant, but rather an independent action upon the bond.

The restraining order heretofore issued is dissolved and the petition for a recall of the mandate denied.

ROSS, C. J., and McALISTER, J., concur.